**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Jennifer S. White** | : | |
| 292 Almahurst Drive | : | |
| Chillicothe, Ohio 45601 | : | Case No. 2:17-CV-593 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | Magistrate Judge |
| | : | |
| **Adena Health System** | : | **COMPLAINT** |
| 272 Hospital Road | : | **(Jury Demand Endorsed Hereon)** |
| Chillicothe, Ohio 45601 | : | |
| | : | |
| and | : | |
| | : | |
| **Southern Ohio Medical Center** | : | |
| 1805 27th Street | : | |
| Portsmouth, Ohio 45662 | : | |
| | : | |
| and | : | |
| | : | |
| **Perfusion Professionals, Inc.** | : | |
| 101 Bradford Road, Suite 200 | : | |
| Wexford, Pennsylvania 15090 | : | |
| | : | |
| and | : | |
| | : | |
| **Amy Fraulini** | : | |
| Director of Heart & Vascular Services | : | |
| c/o Southern Ohio Medical Center | : | |
| 1805 27th Street | : | |
| Portsmouth, Ohio 45662 | : | |
| | : | |
| and | : | |
| | : | |
| **Tom Greene** | : | |
| Director of Surgical Services | : | |
| c/o Southern Ohio Medical Center | : | |
| 1805 27th Street | : | |
| Portsmouth, Ohio 45662 | : | |
| | : | |
| and | : | |

1

**Cathy Hageman**                              :
Critical Care Quality Specialist and          :
Cardiac Registry Data Manager                  :
c/o Adena Health System                        :
272 Hospital Road                              :
Chillicothe, Ohio 45601                        :
                                               :
     and             :
                                               :
**John Doe**                                   :
c/o Adena Health System                        :
272 Hospital Road                              :
Chillicothe, Ohio 45601                        :
                                               :
    Defendants.            :

Plaintiff Jennifer S. White ("Plaintiff"), by and through undersigned counsel, states the following as her Complaint for claims arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*, Ohio Fair Employment Practice Act, O.R.C. 4112.01 *et seq.*, and Ohio common law against Defendants Adena Health System ("Defendant Adena"), Southern Ohio Medical Center ("Defendant SOMC"), Perfusion Professionals, Inc. ("Defendant PPI"), Amy Fraulini ("Defendant Fraulini"), Tom Greene ("Defendant Greene"), Cathy Hageman ("Defendant Hageman"), and John Doe ("Defendant Doe"):

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over Count I pursuant to 28 U.S.C. §1331, because the claims are set forth pursuant to the laws of the United States.

2.    The Court has supplemental jurisdiction over Counts II – IX, Plaintiff's state law claims, pursuant to 28 U.S.C. §1367, because the claims arise out of the same set of operative facts.

3.    Venue is proper pursuant to 28 U.S.C. §1391, because the events giving rise to Plaintiff's claims occurred in Ross County, Ohio, within the Southern District of Ohio, Eastern Division.

2

## THE PARTIES

4.     Plaintiff is a natural person residing in Ross County, Ohio.

5.     Defendant Adena is a not-for-profit corporation that provides health care throughout South Central and Southern Ohio.

6.     Defendant SOMC is a not-for-profit hospital in Portsmouth, Ohio.

7.     Defendant PPI is a privately owned perfusion services company based in Pennsylvania.

8.     Defendant Fraulini is a natural person. At all relevant times, Defendant SOMC employed Defendant Fraulini as its Director of Heart & Vascular Services.

9.     Defendant Greene is a natural person. At all relevant times, Defendant SOMC employed Defendant Greene as its Director of Surgical Services.

10.     Defendant Hageman is a natural person. At all relevant times, Defendant Adena employed Defendant Hageman as the Critical Care Quality Specialist and Cardiac Registry Data Manager.

11.     Defendant Doe is a natural person. Upon information and belief, at all relevant times, Defendant Adena employed Defendant Doe.

## FACTS

12.     Plaintiff worked for Defendant Adena as a cardiovascular perfusionist beginning in June 2006 until her wrongful termination on or about April 6, 2015.

13.     On January 12, 2015, Plaintiff complained to Defendant Adena about (a) repeated comments by a physician that Defendant Adena needed to replace Plaintiff with a younger perfusionist with a "tighter body" so that doctors had someone "better to look at"; (b) repeated comments by a physician around Easter and Christmas each year that Plaintiff, who is Jewish, "killed Jesus"; and (c) a physician referring to perfusionists, in front of staff and colleagues, as his "pump girls."

3

14.     On or about April 6, 2015, Defendant Adena terminated Plaintiff's employment.

15.     After hiring an attorney, Plaintiff alleged that Defendant Adena unlawfully terminated her as a result of her complaints about discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and patient safety issues at Defendant Adena.

16.     Plaintiff and Defendant Adena resolved the matter prior to any administrative or legal proceedings.

17.     As part of the resolution of the matter, Defendant Adena and individually identified persons agreed not to disparage Plaintiff. (Adena-White Contract, Exhibit 5, Motion for Leave to File Document Under Seal filed contemporaneously with the Complaint).

18.     As a result of her position, Defendant Cathy Hageman, Critical Care Quality Specialist and Cardiac Registry Data Manager for Defendant Adena, had knowledge of the terms and conditions of the resolution, including but not limited to, the non-disparagement clause.

19.     On February 15, 2016, Ms. White interviewed with Rick Phipps, Co-Owner and Chief Perfusionist, of Defendant PPI about a job on-site at Defendant SOMC.

20.     On April 14, 2016, Plaintiff interviewed with Jack McEwen, Defendant PPI President, who offered her a job with a start date of July 1, 2016.

21.     At the request of Defendant PPI and Defendant SOMC, Plaintiff began working shifts prior to her official start date.

22.     Plaintiff submitted her employment application on or about May 6, 2016, and she submitted all of her paperwork for employment benefits on or about May 19, 2016.

23.     On or about May 26, 2016, Mr. Phipps informed Plaintiff that "everything looked good" and the official offer letter would be forwarded soon. Mr. Phipps explained Plaintiff

could sign the official employment contract when she, Mr. Phipps, and Mr. McEwen met for dinner on or about June 1, 2016.

24. Upon information and belief, between May 26, 2016 and June 1, 2016, John Doe, a representative from Defendant Adena, provided information regarding Plaintiff's prior Title VII and patient safety complaints against Defendant Adena to Defendant SOMC and/or Defendant PPI.

25. On June 1, 2016, when Plaintiff met for dinner, Mr. McEwen was absent. Mr. Phipps informed Plaintiff that Defendant SOMC expressed concern about Plaintiff working at Defendant SOMC because she allegedly filed a lawsuit against Defendant Adena.

26. On or about June 2, 2016, Mr. Phipps recommended that Plaintiff meet with a representative from Defendant SOMC on June 16, 2016 to discuss the alleged lawsuit. Plaintiff advised Mr. Phipps that it was not legal for Defendant PPI to make hiring decisions based on the fact she had a lawsuit with a previous employer and, in any event, she never had a lawsuit. Mr. Phipps assured Plaintiff "not to worry about anything" because he "wanted to make this work." Mr. Phipps advised Plaintiff not to mention to anyone about anything not being "legal," as that would upset "them," and make "them" not want to hire Plaintiff. Based on the context of the conversation, Plaintiff understood "them" to be Defendant SOMC.

27. Unbeknownst to Plaintiff, on June 13, 2016, Defendant Amy Fraulini, Director of Heart & Vascular Services for Defendant SOMC, emailed Defendant Hageman to ask about Plaintiff:

> Also…we have gotten an application from a former perfusionist at your facility. Could you[ ] hook me up with someone that may be able to reference her? Her name is Jennifer White. Any information would be appreciated.

5

28. Unbeknownst to Plaintiff, on June 15, 2016, Defendant Hageman responded as follows:

> As for Jen White, she did work for us but we've been instructed to have anyone asking regarding her to contact our Human Resources Department at 740-779-6562. I'm sure they won't give you much information but she didn't leave here on good terms.

29. On June 15, 2016, Mr. Phipps informed Ms. White that the meeting with Defendant SOMC scheduled for June 16, 2016 had been postponed until June 21, 2016.

30. On June 20, 2016, Mr. Phipps terminated Defendant PPI's employment contract with Plaintiff. Mr. Phipps explained that Defendant SOMC, specifically Defendant Tom Greene, R.N., Director of Surgical Services, and Defendant Amy Fraulini, Director of Heart and Vascular Services, had "absolutely no interest in hiring" Plaintiff upon learning that she had a "lawsuit" against Defendant Adena. Mr. Phipps indicated that neither Mr. Greene nor Ms. Fraulini revealed their source, but they divulged that the allegation came from an individual via phone/email, and confirmed by Defendant Adena's "HR" and/or "medical staff."

31. On or about April 14, 2017, Plaintiff dual-filed a charge of discrimination, Charge No. 473-2017-00651, with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant Adena alleging retaliation. (Adena Charge, attached hereto as Exhibit 1).

32. On or about April 14, 2017, Plaintiff dual-filed a charge of discrimination, Charge No. 472-2017-00652, with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant SOMC alleging retaliation. (SOMC Charge, attached hereto as Exhibit 2).

33. On or about April 14, 2017, Plaintiff dual-filed a charge of discrimination, Charge No. 472-2017-00653, with the Ohio Civil Rights Commission ("OCRC") and the Equal

Employment Opportunity Commission ("EEOC") against Defendant PPI alleging retaliation. (PPI Charge, attached hereto as Exhibit 3).

34.    Plaintiff received a right to sue letter for the charge of discrimination against Defendant Adena from the EEOC dated March 20, 2017. (Adena Right to Sue, attached hereto as Exhibit 4).

## COUNT I: RETALIATION, 42 U.S.C. §2000e *et seq.*, AGAINST DEFENDANT ADENA

35.    Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

36.    Plaintiff engaged in protected activity on January 12, 2015 when she complained to Defendant Adena about (a) repeated comments by a physician that Defendant Adena needed to replace Plaintiff with a younger perfusionist with a "tighter body" so that doctors had someone "better to look at"; (b) repeated comments by a physician around Easter and Christmas each year that Plaintiff, who is Jewish, "killed Jesus"; and (c) a physician referring to perfusionists, in front of staff and colleagues, as his "pump girls."

37.    Plaintiff engaged in protected activity when she hired an attorney to ensure the protection of her rights under Title VII.

38.    Defendant Adena and Defendant Doe caused an adverse employment action against Plaintiff as a result of Defendant Doe advising Defendant SOMC and/or Defendant PPI that Plaintiff had an alleged lawsuit against Defendant Adena.

39.    Defendant Adena and Defendant Hageman caused an adverse employment action against Plaintiff as a result of Defendant Hageman advising Defendant SOMC and/or Defendant PPI that Plaintiff "didn't leave [Defendant Adena] on good terms."

40.  As an agent of Defendant Adena, Defendant Hageman had knowledge that she was speaking for Defendant Adena and that such statement would cause harm to Plaintiff and her employment and/or employment opportunities.

41.  There is a causal connection between Plaintiff's protected activity and the adverse employment actions caused by Defendants Adena, Doe and Hageman.

42.  Defendant Adena retaliated against Plaintiff for her complaints of discrimination in violation of 42 U.S.C. §2000e-3(a).

## COUNT II: RETALIATION, REVISED CODE CHAPTER 4112 AGAINST DEFENDANTS ADENA, HAGEMAN AND DOE

43.  Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

44.  Plaintiff engaged in protected activity on January 12, 2015 when she complained to Defendant Adena about (a) repeated comments by a physician that Defendant Adena needed to replace Plaintiff with a younger perfusionist with a "tighter body" so that doctors had someone "better to look at"; (b) repeated comments by a physician around Easter and Christmas each year that Plaintiff, who is Jewish, "killed Jesus"; and (c) a physician referring to perfusionists, in front of staff and colleagues, as his "pump girls."

45.  Plaintiff engaged in protected activity when she hired an attorney to ensure the protection of her rights under Title VII.

46.  Defendant Adena and Defendant Doe caused an adverse employment action against Plaintiff as a result of Defendant Doe advising Defendant SOMC and/or Defendant PPI that Plaintiff had an alleged lawsuit against Defendant Adena.

47. Defendant Adena and Defendant Hageman caused an adverse employment action against Plaintiff as a result of Defendant Hageman advising Defendant SOMC and/or Defendant PPI that Plaintiff "didn't leave [Defendant Adena] on good terms."

48. There is a causal connection between Plaintiff's protected activity and the adverse employment actions caused by Defendants Adena, Doe and Hageman.

49. Defendant Adena retaliated against Plaintiff for her complaints of discrimination in violation of O.R.C. 4112.02(I).

50. Defendants Adena, Hageman and Doe aided, abetted, incited, compelled or coerced an unlawful discriminatory practice and/or attempted directly or indirectly to commit an unlawful discriminatory practice in violation of O.R.C. 4112.02(J).

## COUNT III: RETALIATION, REVISED CODE CHAPTER 4112
## AGAINST DEFENDANTS SOMC, FRAULINI AND GREENE

51. Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

52. Plaintiff engaged in protected activity on January 12, 2015 when she complained to Defendant Adena about (a) repeated comments by a physician that Defendant Adena needed to replace Plaintiff with a younger perfusionist with a "tighter body" so that doctors had someone "better to look at"; (b) repeated comments by a physician around Easter and Christmas each year that Plaintiff, who is Jewish, "killed Jesus"; and (c) a physician referring to perfusionists, in front of staff and colleagues, as his "pump girls."

53. Plaintiff engaged in protected activity when she hired an attorney to ensure the protection of her rights under Title VII.

54. Defendants SOMC, Fraulini and Greene took an adverse employment action against Plaintiff as a result of Defendant SOMC requiring Defendant PPI to withdraw Plaintiff's

offer of employment at Defendant SOMC and ending her employment and shifts at Defendant SOMC.

55.     There is a causal connection between Plaintiff's protected activity and the adverse employment actions by Defendants SOMC, Fraulini and Greene.

56.     Defendant SOMC retaliated against Plaintiff for her complaints of discrimination in violation of O.R.C. 4112.02(I).

57.     Defendant SOMC, Fraulini and Greene aided, abetted, incited, compelled or coerced an unlawful discriminatory practice and/or attempted directly or indirectly to commit an unlawful discriminatory practice in violation of O.R.C. 4112.02(J).

## COUNT IV: BREACH OF CONTACT, NON-DISPARAGEMENT CLAUSE AGAINST DEFENDANTS ADENA, HAGEMAN AND DOE

58.     Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

59.     Defendant Adena and Plaintiff entered a valid contract with a non-disparagement clause.

60.     Defendants Adena, Hageman and Doe breached the non-disparagement provision of the valid contract.

## COUNT V: BREACH OF EMPLOYMENT CONTACT

61.     Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

62.     Plaintiff and Defendant PPI orally entered into a valid implied employment contract that was to be presented in writing for Plaintiff's signature on June 1, 2016.

63.     On June 20, 2016, Defendant PPI withdrew the offer of employment.

64.     Defendant PPI breached the oral employment contract.

## COUNT VI: PROMISSORY ESTOPPEL

65. Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

66. Defendant PPI made a clear and unambiguous offer of employment to Plaintiff.

67. Plaintiff relied on Defendant PPI's clear and unambiguous offer of employment. Plaintiff declined other offers of employment upon and after accepting Defendant PPI's offer of employment.

68. Plaintiff's reliance was reasonable and foreseeable.

69. As a result of Plaintiff's reliance on Defendant PPI's promise, Plaintiff suffered an injury.

70. Defendant PPI is liable under a theory of promissory estoppel.

## COUNT VII: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST DEFENDANTS ADENA, HAGEMAN AND DOE

71. Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

72. Plaintiff and Defendant PPI entered into a valid business relationship and/or expectancy.

73. Defendants Adena, Hageman and Doe had knowledge of the business relationship and/or expectancy between Plaintiff and Defendant PPI, as well as knowledge that a disparaging statement would cause harm to Plaintiff and her employment and future employment opportunities.

74. Defendants Adena, Hageman and Doe intentionally interfered with the business relationship and/or expectancy which caused Defendant PPI to withdraw Plaintiff's offer of employment.

75. Plaintiff suffered injury as a result of Defendant PPI's withdrawal of the offer of employment.

76. Defendants Adena, Hageman and Doe interfered with Plaintiff's business relationship with Defendant PPI.

**COUNT VIII: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST DEFENDANTS SOMC, FRAULINI AND GREENE**

77. Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

78. Plaintiff and Defendant PPI entered into a valid business relationship and/or expectancy.

79. Defendants SOMC, Fraulini and Greene had knowledge of the business relationship and/or expectancy between Plaintiff and Defendant PPI, as well as knowledge that a disparaging statement would cause harm to Plaintiff and her employment and future employment opportunities.

80. Defendants SOMC, Fraulini and Greene intentionally interfered with the business relationship and/or expectancy which caused Defendant PPI to withdraw Plaintiff's offer of employment.

81. Plaintiff suffered injury as a result of Defendant PPI's withdrawal of the offer of employment.

82. Defendants SOMC, Fraulini and Greene interfered with Plaintiff's business relationship with Defendant PPI.

**COUNT IX: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

83. Plaintiff incorporates, as if fully restated herein, the foregoing paragraphs of this Complaint.

84. There is a clear public policy for employees to consult attorneys about possible claims that would affect the employer's business interests, including the Ohio Constitution, the

Code of Professional Responsibility as adopted by the Ohio Supreme Court, and common law.

85.    Withdrawing Plaintiff's offer of employment jeopardizes the public policy of encouraging employees to seek legal counsel regarding their employment rights.

86.    Defendant SOMC's order for Defendant PPI to withdraw Plaintiff's offer of employment was directly related to her consulting an attorney regarding her employment rights with Defendant Adena and her consulting an attorney regarding her employment rights while employed by Defendant PPI while working on-site at Defendant SOMC.

87.    Defendants SOMC and PPI had no overriding business justification for withdrawing Plaintiff's offer of employment.

88.    Defendants SOMC and PPI withdrew Plaintiff's offer of employment in violation of Ohio public policy.

**WHEREFORE,** Plaintiff Jennifer S. White prays for judgment in her favor, declaratory and/or injunctive relief, reinstatement or front pay, back pay, compensatory and non-economic damages exceeding $75,000, punitive damages, pain and suffering, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which she may be entitled and which this Court may deem appropriate and equitable.

Respectfully submitted,

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
The Knoll Law Firm, LLC
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890
Facsimile: (614) 452-4850
Email: lknoll@knolllaw.com
*Trial Attorney for Plaintiff Jennifer S. White*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons on all issues triable by a jury.

_s/Laren E. Knoll_
Laren E. Knoll (0070594)
The Knoll Law Firm, LLC
_Trial Attorney for Plaintiff Jennifer S. White_

14