UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER S. WHITE,

    Plaintiff,

v.

    Case No. 2:17-cv-593
    JUDGE GEORGE C. SMITH
    Magistrate Judge Vascura

ADENA HEALTH SYSTEM, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Plaintiff Jennifer S. White's Motion for Certification of the Court's July 11, 2018 Opinion and Order and Motion to Stay the Proceedings ("White's Motion for Certification") (Doc. 69). Defendant Perfusion Professionals, Inc. ("PPI") filed a response in opposition (Doc. 72).[1] The remaining defendants have not filed responses in opposition and the time to do so has now expired. For the following reasons, White's Motion for Certification is **DENIED**.

### I.    BACKGROUND

Plaintiff Jennifer S. White commenced this action on July 10, 2017. (Doc. 1). In her Amended Complaint, she asserted various causes of action arising out of PPI's termination of her

---

[1] White moved to strike PPI's response because PPI filed it two after the deadline to do so had passed. (Doc. 73). Shortly after, PPI moved for a two-day extension of time such that its response may be deemed timely. (Doc. 74–75). The Court finds that White was not prejudiced by PPI's late filing and that PPI has demonstrated excusable neglect; accordingly, White's Motion to Strike is **DENIED** and PPI's Motion for Extension of Time is **GRANTED**.

employment in June of 2016. (Doc. 25). A detailed summary of the underlying facts is contained in the Court's July 11, 2018 Order resolving the defendants' Motions to Dismiss (Doc. 64).

In brief, White asserted that she made complaints of sex-and religion-based discrimination to her supervisors while employed by Defendant Adena Health System ("Adena"), and that she was wrongfully terminated from employment by Adena in April 2015 as a result. Prior to commencing any litigation, White and Adena reached a settlement imposing certain non-disparagement obligations on Adena. White later pursued and obtained employment in 2016 with PPI, who hired her to work on site at Defendant Southern Ohio Medical Center ("SOMC"). However, shortly after White began working for PPI, PPI terminated her employment, citing SOMC's concerns that she had filed a lawsuit against Adena. White commenced this action, asserting, *inter alia*, that Adena had breached its non-disparagement obligations, tortiously interfered with White's employment relationship with PPI, and retaliated against White in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Ohio Revised Code Chapter 4112 ("Chapter 4112") by informing SOMC of her wrongful termination claims; that PPI and SOMC terminated her employment, and retaliated against her, in violation of Title VII and Chapter 4112; that PPI breached an employment contract when it terminated her employment; and that SOMC had tortiously interfered with her employment relationship with PPI by requiring PPI to terminate White's employment.

All defendants moved to dismiss. On July 11, 2018, the Court granted those motions except as relating to White's claims against Adena for Chapter 4112 retaliation and tortious interference. (Doc. 64). White now moves for certification under Federal Rule of Civil Procedure 54(b) so that she may immediately appeal the portions of the July 11, 2018 order dismissing her claims.

## II. STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure "allows a district court to enter a final judgment 'on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 429–30 (6th Cir. 2008) (quoting Fed. R. Civ. P. 54(b)). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986). In determining whether a 54(b) ruling is justified, the Court must consider five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Pittman*, 282 F. App'x at 430 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). While a district court has broad discretion in deciding a motion for certification where fewer than all claims have been adjudicated, "Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel." *Corrosioneering*, 807 F.2d at 1282 (citation omitted). Rather, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.* (citation omitted).

## III. DISCUSSION

In considering Plaintiff's Motion for Certification, the Court will discuss each of the *Corrosioneering* factors in turn.

3

Plaintiff primarily relies on the first factor, arguing that the adjudicated and unadjudicated claims are "separate and distinct from one another." (Doc. 69, Mot. at 6). However, Plaintiff does not explain *how* the adjudicated and unadjudicated claims are distinct. Indeed, as PPI points out, most of White's claims turn on what PPI and SOMC were told by representatives of Adena regarding White's former employment. (Doc. 72, Resp. at 1.)[2] This factor therefore weighs against certification. Moreover, "[g]enerally, a finding that an issue being considered for Rule 54(b) certification is 'separate and distinct' from remaining issues in a case will begin, rather than end, the district court's certification analysis." *Corrosioneering*, 807 F.2d at 1283.

As to the second factor, the Court does not foresee any realistic danger that the need for review might be mooted by future developments in the district court. This factor primarily comes into play when a party seeks to appeal an issue related to damages or indemnity before the district court has issued a final ruling on liability. *See, e.g., Corrosioneering*, 807 F.2d at 1284; *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1031 (6th Cir. 1994). That is not the situation before the Court. Yet, while this factor does not weigh *against* certification, nothing related to this factor would make an immediate appeal especially desirable.

The third factor weighs against certification because there is a non-trivial possibility that the reviewing court might be obliged to consider the same issue a second time. The remaining claims against Adena turn on many of the same facts as the dismissed claims, and therefore an appeal of the remaining claims at the conclusion of the case may well involve the same issues as the requested immediate appeal.

---

[2] The only possible exceptions in the Court's view are White's claims for breach of employment contract and promissory estoppel against PPI, which the Court dismissed based on the lack of any contract or promise guaranteeing White employment for a specified term. (Doc. 17, Order at 17–19.)

The fourth factor is not implicated here because there are no claims or counterclaims that could result in setoff.

Finally, the Court considers "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." As in most cases, White will be delayed in obtaining a possible judgment against the dismissed defendants if she must wait until this Court disposes of her remaining claims to appeal the July 11, 2018 Order; but an immediate appeal would also certainly delay resolution of White's remaining claims—in fact, in conjunction with her Motion for Certification, White also requests a stay of proceedings pending the outcome of an immediate appeal. (Doc. 69, Mot. at 8). Accordingly, the Court does not find any miscellaneous factors to weigh heavily either for or against certification.

Against the backdrop of Rule 54(b)'s purpose of avoiding piecemeal appeals, the Court cannot say that there is no just reason to delay an appeal of its July 11, 2018 Order. Certification of the Order for immediate appeal is therefore inappropriate.

## IV. CONCLUSION

For the foregoing reasons, White's Motion for Certification (Doc. 69) is **DENIED**. Further, White's Motion to Strike (Doc. 73) is **DENIED** and PPI's Motion for Extension of Time (Doc. 74) is **GRANTED**.

The Clerk shall remove Documents 69, 73, and 74 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

5